IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIK DUDLEY SR. and XANDRA BUDD, Individually and as Guardians of E. DUDLEY, JR., a Minor, MARIBETH HUITFELDT, Individually and as Guardian of C. HUITFELDT, a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>BEXAR COUNTY, DEPUTY JUAN GUILLEN, and SHERIFF AMADEO ORTIZ,<br><br>Defendants. | CV. NO. SA-12-CV-00357-DAE |

ORDER DENYING DEFENDANT BEXAR COUNTY AND BEXAR COUNTY
SHERIFF ORTIZ'S MOTION TO DISMISS

The Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' Motion to Dismiss ("Motion") and the opposing memorandum, the Court **DENIES** the Motion. ("Mot.," Doc. # 11.)

BACKGROUND

In June of 2010, E. Dudley, Jr. ("Dudley"), age sixteen, and C. Huitfeldt ("Huitfeldt"), age sixteen, were at an apartment complex called Encino Commons. ("FAC," Doc. # 2 ¶ 9.) Defendant Bexar County Deputy Sheriff Juan

1

Guillen ("Guillen"), a resident of the apartment complex, was off duty but working as an apartment security officer and wearing his Bexar County Sheriff's Office uniform. (Doc. # 6 at 2.) Guillen approached Dudley, Huitfeldt, and their friend, all of whom were sitting in the friend's car in the complex's parking lot. (FAC ¶ 9; Doc. # 6 at 2.) As Guillen approached, the friend began to drive away. (Id.) Plaintiffs allege that, as the car approached the parking lot's exit, Guillen drew a gun and pointed it at them, but they drove by him without stopping. (FAC ¶ 9.) At that point, Plaintiffs claim that Guillen fired the gun thirteen times at the back of the car. (Id. ¶ 10.)

Guillen's account of the incident differs. According to Guillen, after he ordered the three to stop, the driver attempted to run him over. (Doc. # 6 at 3.) "[I]n imminent fear of death or serious bodily injury," Guillen fired his weapon and was allegedly struck by the vehicle and knocked to his back. (Id.) Guillen claims that at that point, the vehicle began to reverse in his direction, so he fired at the back of the vehicle several more times. (Id.)

Dudley suffered three gunshot wounds to the neck and back, which left him paralyzed. (FAC ¶ 11.) Huitfeldt was hit with one bullet and injured by shattered glass. (Id. ¶ 10.)

On April 18, 2012, Plaintiffs filed a Complaint pursuant to 42 U.S.C.

§ 1983.  (Doc. # 1.)  On April 23, 2012, Plaintiffs filed a First Amended Complaint ("FAC").  (Doc. # 2.)  The FAC alleges that Guillen violated Plaintiffs' rights under the Fourth and Fourteenth Amendments by using excessive force that caused Plaintiffs great bodily injury.  (FAC ¶ 31.)  The FAC further alleges that Defendants Bexar County and Sheriff Amadeo Ortiz ("Ortiz") (collectively, "Bexar County Defendants"), in their official capacities, violated Plaintiffs' constitutional rights by interfering with Plaintiffs' right to seek redress for their injuries by covering up law enforcement misconduct and filing false police reports.  (Id.)  Plaintiffs also seek a declaratory judgment that the Bexar County Office of Internal Affairs policy of prohibiting an internal affairs complainant from having counsel present during the complainant's interrogation is unconstitutional.  (Id. ¶ 29.)  Finally, Plaintiffs seek an award of attorney's fees pursuant to 42 U.S.C. § 1988.  (Id. ¶ 33.)

On April 20, 2012, Plaintiffs mailed each of the defendants a copy of the Complaint, the FAC, and a Waiver of the Service of Summons ("Waiver").  (Doc. # 12 Ex. 1.)  Plaintiffs asked each defendant to sign the Waiver and mail it to Plaintiffs' attorney.  (Id.)  On August 28, 2012, Plaintiffs' attorney sent an e-mail to a Bexar County employee following up on the April 20, 2012 mailing.  (Doc. # 12 Ex. 2.)  The e-mail noted that Plaintiffs' attorney had not received any

Waivers from the Bexar County Defendants, and it appeared that no Answer had been filed.  (Id.)  On September 11, 2012, the Bexar County employee replied, informing Plaintiffs that local governments and elected officials cannot be served by requesting a waiver of service.  (Id.)  Bexar County and Ortiz were served with a summons on September 14 and September 17, 2012, respectively.  (Docs. ## 13, 14.)

On October 5, 2012, the Bexar County Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  (Doc. # 11.)  On October 11, 2012, Plaintiffs filed a Response in Opposition.  (Doc. # 12.)

## DISCUSSION

The Bexar County Defendants argue that Plaintiffs' claims against them must be dismissed because service was not effected in a timely manner. Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") requires that a defendant be served no more than 120 days after a complaint is filed.  Fed. R. Civ. P. 4(m). Plaintiffs' initial Complaint was filed on April 18, 2012.  Thus, Plaintiffs were charged with serving a summons on all defendants before August 16, 2012.

In response, Plaintiffs argue that their failure to effect timely service was not the result of any lack of diligence, but rather was due to their good faith,

albeit mistaken, belief that a request for a waiver of service was appropriate. (Doc. # 12 at 2.) Plaintiffs assert that the follow-up e-mail they sent to the Bexar County Defendants on August 28, 2012 is evidence of their diligence. (Id.) Plaintiffs also point out that they served the Bexar County Defendants immediately after they discovered that service had not been effected. (Id.)

Rule 4(m) states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The party asserting good cause for the failure bears the burden of proving "good cause," Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013), and "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. . . ." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985). Plaintiffs have not shown good cause for their failure to effect service within 120 days. Their excuse is, essentially, that they were unaware that the waiver of service procedure set forth in Federal Rule of Civil Procedure 4 does not apply to local governments. Ignorance of the rules does not suffice to establish good cause.

However, "[e]ven if the plaintiff lacks good cause, the court has

discretionary power to extend the time for service." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008). The Fifth Circuit has held that courts should grant a discretionary extension if the plaintiff's claims would be otherwise time-barred and there is no "clear record of delay or contumacious conduct by the plaintiff." Millan, 546 F.3d at 326. Section 1983 actions are subject to state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985); see also Walker v. Epps, 550 F.3d 407, 411 (5th Cir. 2008) ("[Section] 1983 actions are best characterized as personal injury actions and, as such, should be subject to state statutes of limitations for general personal injury actions."). As a result, Plaintiffs' claims are subject to a two-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.003; Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1306 (5th Cir. 1995).

This lawsuit arises from an incident that occurred in June 2010. Thus, if Plaintiff's claims against the Bexar County Defendants are dismissed, the dismissal will operate as a dismissal with prejudice. Here, there is no evidence of intentional delay or contumacious conduct; Plaintiffs attempted to effect service immediately after filing the lawsuit, and served the Bexar County Defendants promptly upon receipt of the e-mail that alerted them to their error. Moreover, there is no evidence of prejudice. See Millan, 546 F.3d at 327 (noting that

dismissals with prejudice are generally limited to "cases where the plainitff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense"). The Bexar County Defendants were almost certainly on notice that the lawsuit had been filed, since they were sent the original Complaint, the FAC, and a Waiver of the Service of Summons on April 20, 2012. (Doc. # 12 Ex. 1.) The Court therefore concludes that this is an appropriate situation in which to grant a discretionary extension of time such that service on the Bexar County Defendants on September 14 and September 17, 2012 is deemed timely.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Bexar County Defendants' Motion to Dismiss. (Doc. # 11.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 8, 2013.

_____
David Alan Ezra
Senior United States District Judge